UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORA TUCKER

VERSUS

THE CINCINNATI INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NO. 17-414-SDD-RLB

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 24, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORA TUCKER

VERSUS

THE CINCINNATI INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NO. 17-414-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 8) filed on July 31, 2017. The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion is deemed to be unopposed.

**I.     Background**

Cora Tucker ("Plaintiff") initiated this personal injury action in the 19th Judicial District Court, East Baton Rouge, Louisiana, naming as defendants The Cincinnati Insurance Company, Xencom Facility Management, LLC, and the Mall of Louisiana, LLC. (R. Doc. 1-2, "Petition"). Plaintiff alleges that the chair she was sitting on collapsed beneath her while she was at a shopping mall food court owned and operated by the Mall of Louisiana, LLC. (Petition, ¶ 3). Plaintiff alleges that her damages include "past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, . . . permanent disability to the body, [and] loss of consortium." (Petition, ¶ 4).

The Cincinnati Insurance Company removed the action on June 29, 2017, on the basis that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In support of a finding that the amount in controversy requirement is satisfied, the removing

1

defendant asserts that Plaintiff's alleged damages, and the fact that Plaintiff does not set forth in the Petition that there is no federal jurisdiction over the action, support a finding that the amount in controversy requirement is satisfied. (R. Doc. 1 at 3-4). The removing defendant further asserts that Plaintiff refused to sign a stipulation that the amount in controversy does not exceed $74,999.99. (R. Doc. 1 at 4-5). The removing defendant filed the proposed stipulation and correspondence with Plaintiff's counsel as an attachment to the Notice of Removal. (R. Doc. 1-3).

On July 31, 2017, Plaintiff filed the instant Motion to Remand. (R. Doc. 8).

## II.  Arguments of the Parties

In support of remand, Plaintiff argues that the allegations in the Petition are insufficient to establish that the amount in controversy requirement is satisfied. (R. Doc. 8-1 at 2-3). Plaintiff further argues that her refusal to stipulate that her damages do not exceed $74,999.99 is insufficient proof that the amount in controversy requirement is satisfied. (R. Doc. 8-1 at 3-4). Finally, Plaintiff submits summary judgment type evidence to demonstrate that she has been diagnosed with "nothing more than soft tissue injuries" and has only incurred $6,225 in medical expenses thus far. (R. Doc. 8-1 at 5-6).

None of the defendants have submitted any timely arguments in opposition to Plaintiff's Motion to Remand.

## III.  Law and Analysis

### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*,

3

303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.    Analysis**

There is no dispute that there is complete diversity.[1] Accordingly, the only issue with regard to whether the Court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL

---

[1] The Notice of Removal asserts that Plaintiff is a citizen of Louisiana; The Cincinnati Insurance Company is a citizen of Ohio; Xencom Facility Management, LLC is a citizen of Texas; and Mall of Louisiana, LLC is a citizen of Delaware and Illinois. (R. Doc. 1 at 6-8).

4

278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Plaintiff alleges that the she was injured when the chair she was sitting on collapsed. The Petition provides no specific information regarding the injuries and damages incurred by Plaintiff as a result of the accident. In the absence of any specific details in the Petition regarding the alleged injuries and damages incurred by Plaintiff, the Court concludes that the amount in controversy is not facially apparent.

That Plaintiff failed to include any allegations in its pleadings regarding the amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1), does not change the foregoing analysis in this particular instance. This Court has previously held that the "absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient." *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *see Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("[T]he court finds

5

that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."); *see also Chambers Med. Found. v. Chambers*, No. 05-786, 2006 WL 1895479, at *2 n.3 (W.D. La. Jan. 23, 2006) (failure to assert whether the federal amount in controversy requirement is satisfied as required by article 893(A)(1) "creates a 'strong presumption' in favor of jurisdiction"). While the Court will give some weight to Plaintiff's failure to follow Article 893(a)(1)'s mandate, it does not find that failure to be determinative of whether the amount in controversy is satisfied in this particular action.

Based on the foregoing, the allegations in the Petition do not support a finding that the amount in controversy is facially apparent. The Court will now consider whether the defendants have met their burden of establishing that the amount in controversy requirement is satisfied through the submission of summary judgment type evidence.

The removing defendant submitted evidence indicating that Plaintiff refused to stipulate prior to removal that her claims did not exceed $74,999.99. (R. Doc. 1-3). Plaintiff did not have a legal obligation to sign such a stipulation "and, therefore, [her] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000." *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014). Such a refusal "is but one factor for the court to consider." *Id.*; *see also Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate."). The weight to be provided a refusal to stipulate to the amount of damages is questionable. *See Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011). Given the record in this action, Plaintiff's refusal to stipulate to the amount of damages, while given some

6

weight, is not a significant factor in determining the amount of controversy in light of the facts in this action.

Moreover, Plaintiff has submitted summary judgment type evidence indicating that she has suffered neck, back, and buttock pain, headaches, and sleep disturbances. (R. Doc. 8-2). There is no indication that Plaintiff has suffered any disc herniation or bulging, or that her treating physician has recommended surgery or any type of invasive treatment. The medical bills submitted by Plaintiff indicate that she has only incurred $6,225 in medical expenses to date. (R. Doc. 8-3). This evidence supports a finding that the amount in controversy requirement is not satisfied.

Based on the foregoing, the Court concludes that the removing defendant, which did not file an opposition to the instant Motion, has failed to meet its burden of establishing that the amount in controversy requirement is satisfied.

**IV.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 24, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**